IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BRIAN ROLLINS,**

          Plaintiff,

   v.

**WINK LABS, INC.,** a Delaware corporation;
**and i.am.plus ELECTRONICS, INC.,** a
Delaware corporation,

          Defendants.

No. 3:20-cv-01220-YY

OPINION AND ORDER

MOSMAN, J.,

    On June 21, 2021, Magistrate Judge Youlee Yim You issued her Findings and Recommendation ("F. & R.") [ECF 46]. Judge You found that Defendants failed to meet their burden of establishing the existence of a valid arbitration agreement and therefore the question of whether a valid arbitration agreement exists must be decided by a jury. [ECF 46] at 2. Defendant filed objections [ECF 48] to the F. & R. on July 6, 2021. Plaintiff responded [ECF 50] on July 15, 2021. I agree with Judge You.

## STANDARD OF REVIEW

    The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

## CONCLUSION

Upon review, I agree with Judge You's recommendations, I ADOPT her F. & R. [ECF 46] as my own opinion. Defendants failed to meet their burden of establishing the existence of a valid arbitration agreement. Therefore, I ORDER that the question of whether a valid arbitration agreement exists be decided by a jury.

IT IS SO ORDERED.

DATED this ___ day of September, 2021.

MICHAEL W. MOSMAN
United States District Judge

2 – OPINION AND ORDER