IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BRIAN ROLLINS**,

        Plaintiff,

v.

**WINK LABS, INC.**, a Delaware corporation; **and i.am.plus ELECTRONICS, INC.**, a Delaware corporation,

        Defendants.

No. 3:20-cv-01220-MO

OPINION AND ORDER

**MOSMAN, J.,**

    This case is before me on Plaintiff Brian Rollins's Motion for Summary Judgment [ECF 71]. Plaintiff asks the Court to find that Defendants "failed to show the existence of a valid, written agreement to arbitrate, and, therefore, no triable issue remains on that question" and to subsequently strike the trial on this issue currently set for April 20, 2022. *Id*. at 1. I agree with Plaintiff and GRANT the motion.

**STANDARD OF REVIEW**

    Under the Federal Arbitration Act ("FAA"), "[i]f the making of the arbitration agreement … be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. In the Ninth Circuit, "[a] party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to

1 – OPINION AND ORDER

arbitrate encompasses the dispute at issue."[1] *Ashbey v. Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

The standard for assessing the existence of an arbitration agreement is akin to the summary judgment standard. *Campos v. Bluestem Brands Inc.*, 3:15-CV-00629-SI, 2015 WL 5737601, at *2 (D. Or. Sept. 30, 2015) (citing *Three Valleys Mun. Water Dist. V. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991)). The party seeking to compel arbitration must satisfy this burden by a preponderance of the evidence. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).

## DISCUSSION

The crux of Plaintiff's argument is "[b]ecause Defendants have not demonstrated the existence of a valid arbitration agreement, there is no issue of fact to resolve at a trial." Mot. for Summ. J. [ECF 71] at 2. Plaintiff also seeks to have the trial currently scheduled taken off of the docket and for the case to proceed to resolution on the merits. *Id.*

In opposing Plaintiff's motion, Defendants attempt to introduce a new declaration to support the existence of the arbitration agreement. Resp. in Opp'n [ECF 74] at 4–8. Defendant also argues that Plaintiff failed to submit any evidence to show there is no arbitration agreement and this is a "classic issue of fact for [a] jury." *Id.* at 10. I am unpersuaded by Defendants' arguments.

First, the parties had previously stipulated to resolve this issue on the record that was before Judge You, F. & R. [ECF 46] at 1, n.1, making consideration of the new declaration filed by Defendants and relied upon in their response improper.

---

[1] I have previously found that Plaintiff's "challenge falls within the scope of the alleged arbitration agreement." Op. & Order [ECF 43] at 3.

2 – OPINION AND ORDER

Second, Judge You found that Defendants failed to meet their burden to show "through competent, admissible evidence that a valid arbitration agreement exists." F. & R. [ECF 46] at 8. Therefore, under *Ashbey*, Defendants—as the party seeking to compel arbitration—failed to meet their burden to show the existence of a valid, written agreement to arbitrate. 785 F.3d at 1323.

This finding is also supported by a factually analogous case decided by the Eleventh Circuit. In *Bazemore v. Jefferson Capital Systems, LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016), the defendant seeking to compel arbitration argued that the panel should remand for trial if it concluded that defendant failed to prove the existence of the alleged arbitration agreement. The Eleventh Circuit declined to remand for a trial, finding the defendant "would have us hold, essentially, that a party cannot lose a motion to compel arbitration for failure to prove that an arbitration agreement exists without being afforded a second bite at the apple—an opportunity to prove the agreement's existence at trial. This we decline to do so." *Id*. I find this reasoning sound and, applying *Ashbey*, decline to give Defendants a second bite at the apple.

## CONCLUSION

Defendant failed to establish the existence of an agreement to arbitrate through competent, admissible evidence. Therefore, I GRANT Plaintiff's Motion for Summary Judgment [ECF 71] and strike the trial currently set for April 20, 2022. This case should proceed to resolution on the merits.

IT IS SO ORDERED.

DATED this 3d day of February, 2022.

MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER